UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL WILEY<br><br>         Plaintiff,<br><br>v.<br><br>BOULAY LAW FIRM, LLC AND JEANNE<br>D'ARC CREDIT UNION<br><br>         Defendants. | **COMPLAINT & JURY DEMAND** |

## INTRODUCTION

1.       The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote and passed the Fair Debt Collection Practices Act to eliminate abusive debt collections practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.       This action arises out of the violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*., and/or the Massachusetts Consumer Protection Act ("MCPA") G.L. c. 93A, § 2, by Defendant(s) in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION & VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts. Specifically, the acts complained of occurred in Massachusetts, Plaintiff's property was located in Massachusetts, and Defendant transacts business in Massachusetts.

## PARTIES

5.      Plaintiff Rachel Wiley ("Ms. Wiley") is a natural person who resides in Albuquerque, New Mexico.

6.      Defendant Boulay Law Firm, LLC ("Boulay") is a law office and limited liability company organized under the laws of Massachusetts, with a principal office located at 9 Central Street, Suite 402, Lowell, Massachusetts 01852.

7.      Defendant Jeanne D'Arc Credit Union ("JDCU") is a non-federal credit union chartered in the Commonwealth of Massachusetts, with a principal office located at 581 Merrimack Street, Lowell, Massachusetts 01854.

8.      Ms. Wiley suffered an injury in fact that is traceable to the acts and/or omissions of Defendants, which is likely to be redressed by a favorable decision in this matter.

## FACTUAL ALLEGATIONS – THE PROPERTY

9.      On approximately May 27, 2005, Ms. Wiley purchased real estate located at 27 Kilby Street, Unit 5, Dracut, Massachusetts (the "Property"). She intended to use, and did use, the Property as her primary residence for several years.

10.     Ms. Wiley subsequently moved from Massachusetts to her current residence in New Mexico.

11.     Ms. Wiley listed the property for sale in 2018 and ultimately agreed to sell the Property in approximately July 2018. On July 18, 2018, Ms. Wiley signed a quitclaim deed transferring the property to a third-party purchaser. This was signed in advance, as Ms. Wiley was located in New Mexico and was unable to attend the closing in person. A closing with the purchaser had been scheduled for July 31, 2018.

## FACTUAL ALLEGATIONS – THE DEBT

12.     On approximately April 20, 2006, Ms. Wiley allegedly opened a credit card account with JDCU.

13.     Ms. Wiley's JDCU credit card debt was incurred for personal, family, or household purposes.

14.     All charges on the JDCU account were incurred for consumer (i.e. non-business) purposes.

15.     Ms. Wiley is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## FACTUAL ALLEGATIONS – DEBT COLLECTOR

16.     Boulay is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17.     Boulay regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Boulay's website advertises itself as having a focus in, among other things, creditor rights, collection and foreclosure.

19.     The below-referenced letter from Boulay to Wiley dated July 18, 2018 stated, among other things, that Boulay was "acting as a debt collector, pursuant to the federal Fair Debt Collection Practices Act." It further provided notices to Ms. Wiley "[p]ursuant to the federal Fair Debt Collection Practices Act.

### FACTUAL ALLEGATIONS – COLLECTION CONDUCT

20.     Boulay mailed to Ms. Wiley an initial communication dated July 18, 2018, (**Exhibit A**).

21.     The letter stated that the Boulay Law Firm had been retained by JCDU for the purpose of collecting a debt from Ms. Wiley.

22.     The letter stated that the balance due as of July 18, 2018 was $9,829.37.

23.     Ms. Wiley received this initial communication on July 21, 2018 (**Exhibit B**).

24.     On July 19, 2018, just one day after sending the initial communication to Ms. Wiley, Boulay filed a Complaint in the Lowell District Court against Ms. Wiley, identified as case number 1811 CV 925.

25.     Among other things, the Complaint alleged that Ms. Wiley owed JDCU "the amount of $9,829.37." (**Exhibit C**).

26.     Simultaneously, Boulay also filed an Ex Parte Motion for Approval of Real Estate Attachment. (**Exhibit D**). The Motion requested an attachment "in the amount of $9,829.37"

27.     The Lowell District Court held a hearing on Boulay's Ex Parte Motion on July 19, 2019, which was granted.

28.     The Court issued an Ex Parte Order and Approval of Attachment in the amount of $9,829.37 on July 19, 2018. (**Exhibit E**).

29.     A Writ of Attachment in the amount of $9,829.37 was recorded at the Northern Middlesex County Registry of Deeds on July 24, 2018. (**Exhibit F**).

30.     Ms. Wiley was never served with process in Defendants' lawsuit.

31.     Ms. Wiley was never served with notice of the summons and complaint pursuant to Mass. R. Civ. P. 4.

32.     Ms. Wiley first learned of the existence of this attachment on approximately July 30, 2018, which was one day before the closing on her property was scheduled.

33.     On July 30, 2018, Defendants submitted a payoff request on the attachment to Ms. Wiley's closing attorney in the amount of $14,549.85. (**Exhibit G**). In order to arrive at this number, Defendants submitted the following line items:

   a.   An "outstanding balance" of $9,629.37.[1]

   b.   "Interest from 7/26/16 – 7/31/2018 (735 days)" in the amount of $2,866.50.

   c.   A "Court Filing Fee & Service of Process" totaling $341.48.

   d.   "Legal Fees" in the amount of $1,712.50.

34.     Defendants' payoff statement requested approximately $4,720.48 more than they had requested in the Complaint and/or Motion, and none of these additional amounts had been approved by the court-ordered attachment.

35.     Ms. Wiley thereafter spoke with Boulay by telephone.

36.     Pursuant to the conversation, Ms. Wiley ultimately agreed to pay and did pay $12,000 in order to obtain a release the attachment. (**Exhibit H**).[2]

---

[1] Upon information and belief, it appears that this amount was a scrivener's error, and was actually intended to be the correct amount of the Writ of Attachment, $9,829.37.

[2] Boulay was actually paid the total sum of $12,019.50, due to an apparent error by the closing attorney in calculating daily interest on the $12,000. JDCU subsequently returned the sum of $19.50 to Ms. Wiley on account of this error.

37.     Upon information and belief, Defendants may argue that this $12,000 payment was intended to be a settlement of the account for less than full balance. Ms. Wiley vigorously disputes any such characterization.

38.     Defendants refused to accept $9,829.37 as full payment of the attachment.

39.     Instead, Defendants required Ms. Wiley to pay more than $9,829.37 in order to release the attachment.

40.     No settlement agreement was ever presented to Ms. Wiley or signed by her.

41.     No 1099-C has been issued to Ms. Wiley, which would have been required under tax laws if Defendants had agreed to cancel more than $600 in debt.

42.     Finally, on August 2, 2018, Defendants dismissed the lawsuit against Ms. Wiley *without prejudice*. (**Exhibit I**).


## COUNT I:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. § 1692 *et seq.*
### (Boulay)

43.     Plaintiff incorporates by reference all of the preceding allegations as though fully stated herein.

44.     The following acts and/or omissions of Boulay constitute violations of the Fair Debt Collection Practice Act:

     a.  Boulay violated 15 U.S.C. § 1692e(2) by representing that Ms. Wiley was required to pay more than $9,829.37 in order to obtain a release of the Writ of Attachment.

    b.  Boulay violated 15 U.S.C. § 1692f(1) by collecting more than it was legally entitled to collect in order to obtain a release of the Writ of Attachment.

    c.  Boulay violated 15 U.S.C. § 1692g by taking actions that overshadowed or were inconsistent with Ms. Wiley's right to request validation of the debt within 30 days of receipt of Boulay's initial communication. Specifically, Boulay wrongfully and illegally sued Ms. Wiley during this time period for the express purpose of obtaining a pre-judgment lien against the Property, enforcing that lien, and compelling payment from Ms. Wiley without ever providing her with due process rights.

45.    These violations by Boulay were knowing, willful, and/or intentional, and Boulay did not maintain procedures reasonably adapted to avoid any such violations.

46.    Ms. Wiley has suffered an injury in fact that is traceable to Boulay's conduct and that is likely to be redressed by a favorable decision in this matter.

47.    Ms. Wiley suffered concrete and particularized harm because her legally-protected consumer rights under the FDCPA were violated by Boulay.

48.    Due to Boulay's violations of the FDCPA, Plaintiff is entitled to:

    a.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  And reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

49.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. Amend. 7; Fed. R. Civ. P. 38.

## COUNT II:
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2 *et seq.*
### (Boulay & JDCU)

50.     Plaintiff incorporates by reference all of the preceding allegations as though fully stated herein.

51.     Boulay is engaged in trade or commerce in Massachusetts.

52.     JCDU is engaged in trade or commerce in Massachusetts.

53.     Pursuant to G.L. c. 93A, § 2, Boulay and JDCU were prohibited from engaging in unfair or deceptive acts or practices.

54.     Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive if it possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

55.     The following acts and/or omissions of Boulay and JDCU constitute violations of G. L. c. 93A, § 2:

         a.     Boulay and JDCU violated G.L. c. 93A, § 2 by representing that Ms. Wiley was required to pay more than $9,829.37 in order to obtain a release of the

Writ of Attachment. This action also violated 940 Code Mass. Regs. §

7.07(2), which constitutes a *per se* violation of G.L. c. 93A, § 2.

b.   Boulay and JDCU violated G.L. c. 93A, § 2 by collecting more than legally

entitled to collect in order to obtain a release of the Writ of Attachment. This

action also violated 940 Code Mass. Regs. § 7.07(16), which constitutes a *per*

*se* violation of G.L. c. 93A, § 2.

c.   Boulay and JDCU violated G.L. c. 93A, § 2 by taking actions that

overshadowed or were inconsistent with Ms. Wiley's right to request

validation of the debt within 30 days of receipt of Boulay's initial

communication. Specifically, Boulay and JDCU wrongfully and illegally sued

Ms. Wiley during this time period for the express purpose of obtaining a pre-

judgment lien against the Property, enforcing that lien, and compelling

payment from Ms. Wiley without ever providing her with any due process

rights.

56.   Boulay knowingly or willfully violated G.L. c. 93A, § 2.

57.   The acts and/or omissions of Boulay were committed within the time and space

limits of its agency relationship with their principal, JDCU. These acts and/or omissions were

incidental to, or of the same general nature as, the responsibilities Boulay was authorized to

perform by JDCU in collecting consumer debts. By committing these acts and/or omissions

against Ms. Wiley, Boulay was motivated to benefit its principal, JDCU. Accordingly, JDCU is

therefore liable to Ms. Wiley through the Doctrine of Respondeat Superior for Boulay's acts

and/or omissions in violation of state and federal consumer protection law(s).

58.   JDCU knowingly or willfully violated G.L. c. 93A, § 2.

59.     On or about February 15, 2019, Ms. Wiley served Boulay with a pre-lawsuit demand letter pursuant to G.L. c. 93A, § 9.

60.     Boulay failed to respond to Ms. Wiley's demand with a reasonable settlement offer.

61.     On or about February 15, 2019 Ms. Wiley served JDCU with a pre-lawsuit demand letter pursuant to G.L. c. 93A, § 9.

62.     JDCU failed to respond to Ms. Wiley's demand with a reasonable settlement offer.

63.     Ms. Wiley has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

64.     Ms. Wiley suffered concrete and particularized harm because her legally-protected consumer rights under G.L. c. 93A, § 2 were violated by Defendants.

65.     Due to Defendants' violations of the G.L. c. 93A, § 2, Ms. Wiley is entitled to:

   a.   The greater of actual damages or $25.00, pursuant to G.L. c. 93A, § 9(3).

   b.   An award of not less than double actual damages, and not more than triple damages, pursuant to G.L. c. 93A, § 9(3).

   c.   And reasonable attorney's fees and costs pursuant to G.L. c. 93A, § 9(4).

66.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. Amend. 7; Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendants, including the following relief:

      A.       An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.       An award of statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      C.       An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

      D.       An award of actual damages pursuant to G.L. c. 93A, § 9(3);

      E.       An award of double or triple actual damages pursuant to G.L. c. 93A, § 9(3);

      F.       An award of reasonable attorney's fees and costs pursuant to G.L. c. 93A, § 9(4); and

      G.       All other and further relief as may be just and proper.

Respectfully submitted,

Plaintiff Rachel Wiley,
By Counsel,

*/s/ Christopher M. Brine*
Christopher M. Brine (BBO# 679289)
Brine Consumer Law
100 Grove Street, Suite 116
Worcester, MA 01605
Telephone: (508) 556-1899
Facsimile: (508) 556-9951
cmb@brineconsumerlaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

COMMONWEALTH OF MASSACHUSETTS )
                                )
MIDDLESEX COUNTY                )

Pursuant to 28 U.S.C. § 1746, Plaintiff Rachel Wiley, having first been duly sworn and upon oath, verifies, certifies, and declares the following:

    1.     I am a Plaintiff in this civil proceeding.

    2.     I have read the above-entitled civil Complaint prepared by my attorney, and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief formed after reasonable inquiry.

    3.     I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

    4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause any unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant.

    5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

    6.     Each and every exhibit I have provided to may attorney that has been attached to this Complaint is a true and correct copy of the original.

    7.     Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____May_____ ___9___, _2019_ .
                Month       Day    Year

_____
Rachel Wiley

**B O U L A Y**
LAW FIRM, LLC

www.boulaylaw.com

Nine Central Street, Suite 402
Lowell, Massachusetts 01852
978-452-4100  978-452-2600 (fax)

Sandra M. Boulay, Attorney

July 18, 2018



Rachel Wiley
355 W Coyote Lane SE
Albuquerque, NM 87123

**Re:  Jeanne D'Arc Credit Union Visa Account No. 4294670010053053**
      **Balance due as of July 18, 2018: $9,829.37**

Dear Ms. Wiley:

       This office has been retained to represent Jeanne D'Arc Credit Union for collection relating to the above referenced matter.

       Due to your failure to pay on this account the Jeanne D'Arc Credit Union demands payment in full of all sums due it thirty days from the date referenced above, or we shall commence legal proceedings against you.  You may cure this default by paying all sums in the amount of **$9,829.37**

       Under the terms of your VISA Cardholder Agreement and Disclosure, you agreed to pay any fees, collection costs, reasonable attorney fees and court costs if applicable, if your account is considered in default.  Enclosed please see copy of Agreement and Disclosure.

       For payment on this account, please notify the Collections Manager at the Jeanne D'Arc Credit Union.  Direct any other communications to this office.  Thank you.

### NOTICE OF IMPORTANT RIGHTS

       Pursuant to the federal Fair Debt Collection Practices Act (15 USCS § 1692), a consumer debtor is required to be sent the following notice:  (1) unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against  the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written

request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Boulay Law Firm, LLC is acting as a debt collector, pursuant to the federal Fair Debt Collection Practices Act. Any information obtained will be used for that purpose. The Federal Trade Commission has ruled that the federal Fair Debt Collection Practices Act does not preclude the institution of legal action prior to the expiration of the thirty-day period.

Very truly yours,

Sandra M. Boulay

SMB:lj
Enclosure
cc: client/file

**CERTIFIED MAIL  7013 1090 0000 3845 5301**
**RETURN RECEIPT REQUESTED**

# USPS Tracking®

FAQs ⟩ (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package **+**



EXHIBIT

**B**

**Tracking Number:** 70131090000038455301

Remove ✕

Your item was delivered to an individual at the address at 3:08 pm on July 21, 2018 in ALBUQUERQUE, NM 87123.

 **Delivered**

July 21, 2018 at 3:08 pm
Delivered, Left with Individual
ALBUQUERQUE, NM 87123

Feedback

---

## Tracking History ⌄

**July 21, 2018, 3:08 pm**
Delivered, Left with Individual
ALBUQUERQUE, NM 87123
Your item was delivered to an individual at the address at 3:08 pm on July 21, 2018 in ALBUQUERQUE, NM 87123.

---

**July 21, 2018, 3:22 am**
Departed USPS Facility
ALBUQUERQUE, NM 87101

---

**July 20, 2018, 11:41 pm**
Arrived at USPS Facility
ALBUQUERQUE, NM 87101

---

**July 20, 2018**
In Transit to Next Facility

---

**July 19, 2018, 10:49 pm**
Departed USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

---

**July 19, 2018, 9:28 pm**
Arrived at USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

• See images* of incoming mail.

• Automatically track the packages you're expecting.

• Set up email and text alerts so you don't need to enter tracking numbers.

• Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

Feedback

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
District Court of Lowell

Middlesex, ss.                                    Docket No. _____

| | |
|---|---|
| Jeanne D'Arc Credit Union ) | |
| Plaintiff ) | |
| v. ) | |
| ) | **COMPLAINT ON MONEY LENT** |
| Rachel D. Wiley a/k/a ) | |
| Rachel Wiley, ) | |
| Defendant ) | |

EXHIBIT
C

COUNT I

1. The Plaintiff is Jeanne D'Arc Credit Union hereinafter referred to as "Jeanne D'Arc", which is a credit union having its usual place of business at One Tremont Place, Lowell, Middlesex County, Massachusetts.

2. The Defendant is Rachel D. Wiley a/k/a Rachel Wiley, referred to as "Defendant," and whose address is 355 W Coyote Lane SE, Albuquerque, in New Mexico.

3. The Defendant obtained a Visa Gold Credit Card issued by Jeanne D'Arc Credit Union on or about April 20, 2006. The agreement is attached hereto and marked "Exhibit A." The annualized percentage rate is 14.490%

4. The last four digits of the account number are 3053.

5. The Defendant stopped making payments on July 26, 2016 (date of last action) when a payment was made in the amount of $188.00, and as a result the account has a balance due in the amount of $9,829.37.

6. On July 18, 2018, Jeanne D'Arc Credit Union demanded payment in full of all sums due it.

7. The Defendant has not responded to said demand nor provided any assurance of payment.

8. Failure to pay amounts as they become due is an express breach of the

agreement.

9. Under the terms of the Visa Card Agreement, the cardholder agrees to pay all costs including attorneys' fees and costs for any default in the agreement.

WHEREFORE, the Jeanne D'Arc Credit Union respectfully requests the following:

1. That the Honorable Court find in favor of Jeanne D'Arc for payment of all sums due Jeanne d'Arc Credit Union on the Visa Gold credit card in the sum of $9,829.37 plus all interest accruing.

2. That the Jeanne D'Arc Credit Union be awarded the costs incurred in prosecuting this complaint, including attorney's fees.

3. For any other relief the Court deems mete and just.

JEANNE D'ARC CREDIT UNION
By its Attorney

Sandra M. Boulay
Boulay Law Firm, LLC
9 Central Street, No. 402
Lowell, MA 01852
(978) 452-4100
BBO No. 553385

Dated: June 18, 2018

(a) I/We are applying for a Platinum credit card.
Please assign the highest credit line to
Which Program would you prefer?
Please check one:
(If unchecked you will receive Travel & Gift Rewards)
○ Travel & Gift Rewards    ○ CashBack    ○ Rate Card
9.99% APR -              9.99% APR -      7.99% APR -
15.99% APR              15.99% APR       14.49% APR

**Applicant's Name:** Rachel Williams
**Home Address:**
**City:** Nahant    **State:** MA **Zip:** 01826
**Social Security #:** ▓▓▓▓▓▓▓
**Date of Birth:** ▓▓▓▓▓▓▓
**Home Phone #:** 978-328-0453
**Years at Residence:**
**Employer:** Keddy & Associates, PC
**Length of Employment:** 7 years
**Address:** 331 Howard Reard
**City:** Chelmsford    **State:** MA **Zip:** 01824
**Work Phone #:** 978-2560-4600 x808
**Monthly Salary (Gross):** $ 8@00.00
**Other Monthly Income*:** $ 0
*Alimony, Child Support or separate maintenance need not be disclosed unless you want us to rely on it for payment.

**Applicant's Credit References:**
Current Residence (check one)
○ Own   ○ Rent   ○ Other
Mortgage Bank or Landlord:
**Balance:** $ 2,100.00 + 41.00
**Mo. Payment:** $ 5800 + 443.51
**Total Other Monthly Obligations:** $

---

(c) I/We are applying for an increase to my/our credit limit to
My Account # is:  204463

**Joint Applicant's Name:**
**Home Address:**
**City:**    **State:** **Zip:**
**Social Security #:**
**Date of Birth:**
**Home Phone #:**
**Years at Residence:**
**Employer:**
**Length of Employment:**
**Address:**
**City:**    **State:** **Zip:**
**Work Phone #:**
**Monthly Salary (Gross):** $
**Other Monthly Income*:** $
*Alimony, Child Support or separate maintenance need not be disclosed unless you want us to rely on it for payment.

**Joint Applicant's Credit References:**
Current Residence (check one)
○ Own   ○ Rent   ○ Other
Mortgage Bank or Landlord:
**Balance:** $
**Mo. Payment:** $
**Total Other Monthly Obligations:** $

---

certify that:
(a) The informati
of my/our kind

(b) I/We understand that the use of the card
nection with this application will be subj
terms and conditions of the Jeanne D'Arc
Credit Card Agreement and Initial Disclo
will be sent to you.

I/We consent to the necessary credit investi
connection with the application and grant p
for its retention.

**Applicant's Signature**    **Date**
_(signature)_    4/at

**Joint Applicant's Signature**    **Date**

YOU DO NOT HAVE TO SIGN THIS AG
IN ORDER TO OBTAIN A CREDIT C
I/We permit Jeanne D'Arc Credit Union to dedu
cally all or a portion of my past due payment an
arising from the use of this credit card from any c
account(s) under the name of the cardholders sig
low. Such action will not be taken with respect to
item if I/we so request.

**IMPORTANT: Please read the disclosure info**
**the back of this application.**

**Applicant's Signature**    **Date**

**Joint Applicant's Signature**    **Date**

---

For Jeanne D'Arc Credit Union Use

Date: 1/20/06   Amount: $ 9000
Approved By: M. Young
Deposit/Pymny JDAr #1 osig/

VC $9000

EXHIBIT
A-1

tabbies

NCUA    Equal Housing Lender



## BUSINESS REPLY MAIL

FIRST CLASS   MAIL PERMIT NO.6   LOWELL, MA

POSTAGE WILL BE PAID BY ADDRESSEE

JEANNE D'ARC CREDIT UNION
PO BOX 1238
LOWELL MA  01853-9823

# *IMPORTANT DISCLOSURES AND CREDIT INFORMATION

| | |
|---|---|
| Annual Fee | None |
| FIXED RATE Annual Percentage Rate (APR) for Purchases, Cash Advances and Balance Transfers | Your APR for all purchases, cash advances and balance transfers for the first 6 months after account opening will be: **3.99% APR**. After 6 months from account opening your rate will be: **7.99% APR** to **15.99% APR** Based on your personal credit history (subject to a maximum default APR of 17.99%) |
| Grace Period for Repayment of Purchases and Cash Advances | No finance charges will be imposed for purchases itemized on your statement if you pay the related balances in full within 25 days from the statement closing date, provided: (a) your statement shows no previous balance or (b) payments and credits during that statement period equaled or exceeded your account balance at the beginning of the statement period. There is no grace period for cash advances. |
| Balance Computation Method | Average Daily Balance (including new purchases) |
| Cash Advance Fee | 2% of transaction or $5 minimum, $50 maximum |
| Minimum Finance Charge | $.50 |
| Other Fees | Late Payment: $20 Over-The-Limit: $30 Foreign Transaction Fee: 1% of the amount of your transaction in U.S. Dollars |

## BALANCE TRANSFER FORM

✓ **Yes! Please transfer the balances below to my new Jeanne D'Arc VISA® Credit Card.**

Card Issuer _Sears  Gold Mastercard_     Exact Amount to Pay $ _2,768.28_
Account Number _____
Payment Address _P.O. Box 18215, Columbus OH 43218_

Card Issuer _Citizens Mass Card_     Exact Amount to Pay $ _2,940.00_
Account Number _____
Payment Address _Dir Grud, Sioux Falls, SD 57117_     0 *

Card Issuer _First National Bank of Omaha_     2,768.28+     $ _____
Account Number _____     2,940.00+
Payment Address _P.O. Box 2951, Omaha NE 68103_     2,951.00+

Card Issuer _____



# JEANNE D'ARC
## CREDIT UNION

*inclusive e commun shared*

Jeanne D'Arc Credit Union
VISA® Cardholder Agreement
and Initial Disclosure

EFFECTIVE: NOVEMBER 1, 2015
IMPORTANT DOCUMENT
PLEASE KEEP FOR YOUR RECORDS



NCUA

MSI

Insert #I001024

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: | Trial Court of Massachusetts District Court Department |
|---|---|---|
| | Division: Lowell | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| Jeanne D'Arc Credit Union | Rachel D. Wiley a/k/a Rachel Wiley |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

A. Documented medical expenses to date:
    1. Total hospital expenses: ................................................................. $_____
    2. Total doctor expenses: .................................................................. $_____
    3. Total chiropractic expenses: .......................................................... $_____
    4. Total physical therapy expenses: .................................................... $_____
    5. Total other expenses (Describe): _____ $_____
_____
B. **SUBTOTAL for lines 1-5 above:** $_____
C. Documented lost wages and compensation to date: .............................. $_____
D. Documented property damages to date: ................................................ $_____
E. Reasonable anticipated future medical and hospital expenses: ................. $_____
F. Reasonably anticipated lost wages: ...................................................... $_____
G. Other documented items of damage (Describe): _____ $_____
_____
For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $_____

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):_____
_____
_____
_____

Provide a detailed description of claim(s): VISA Credit Card Agrmt $_____
Principal, Interest, Costs, Late Fees, plus $ 9,829.37
Costs and Reasonable Attorney Fees $_____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $ 9,829.37

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: _____ | Rachel D. Wiley a/k/a Rachel Wiley |
| Type Name: Sandra M. Boulay, Esq. Boulay Law Firm, LLC | 355 W  Coyote Lane SE |
| Address: 9 Central St. Suite 402, Lowell, MA 01852 | Albuquerque, NM  87123 |
| Phone: (978)452-4100 | |
| B.B.O.#: 553385 | |
| Date: July 16 , 2018 | |

| **VERIFICATION OF DEFENDANT'S ADDRESS** BY PLAINTIFF IN TRADE OR COMMERCE OR PURSUING ASSIGNED DEBT | DOCKET NO.: | **Trial Court of Massachusetts District Court Department** |
|---|---|---|

| PLAINTIFF(S)  Jeanne D'Arc Credit Union | COURT DIVISION  Lowell |
|---|---|

| DEFENDANT(S)  Rachel D. Wiley a/k/a  Rachel Wiley | *This form must be filed along with the Complaint for any claim incurred in the course of plaintiff's trade or commerce, or for assigned debt. Use separate forms for multiple defendants if they have different residential addresses.* |
|---|---|

RESIDENTIAL ADDRESS OF DEFENDANT(S)

355 W Coyote Lane SE, Albuquerque, NM  87123

**Pursuant to Joint Standing Order 2-15, upon personal knowledge, the defendant's residential address shown above has been verified in the following manner:**

*Check at least **one** of these methods:*

☐ Verified with the following municipal record within the past 12 months:

*Municipal Record (e.g. street list or tax records):* _____

_____ *Date verified:* _____

☐ Verified with Registry of Motor Vehicles records within the past 12 months.

*Date verified:* _____

☐ Verified by receipt of correspondence from the defendant with that return address within the past 12 months.

*Date correspondence received:* _____

☐ Other verification from the defendant within the past 12 months that address is current:

*Describe:* _____

**OR**

*Check at least **two** of these methods:*

☐ A letter was mailed to the defendant at the above address by first class mail on:

*Date within 6 months, and at least 4 weeks before filing this civil action:* _____

and has not been returned to sender by the postal service.

☒ Verified using the following online database (other than white pages or other unpaid general telephone directory) within the past 6 months:

*Name and source of database:* ____LocatePlus____

☒ Verified with an additional source, specifically:

Experian

_____

| DATE SIGNED  July   5  , 2018 | PLAINTIFF OR PLAINTIFF'S ATTORNEY *(SIGNED UNDER THE PENALTIES OF PERJURY)*  x  _/s/ signature_ |
|---|---|

Rev. 10/2015

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
District Court of Lowell

Middlesex, ss.                                    Docket No. _____

| | |
|---|---|
| Jeanne D'Arc Credit Union | ) |
| Plaintiff | ) |
| v. | ) |
| Rachel D. Wiley a/k/a | ) |
| Rachel Wiley, | ) |
| Defendant | ) |

EXHIBIT

**D**

### EX PARTE MOTION FOR APPROVAL OF REAL ESTATE ATTACHMENT

The Plaintiff in the above entitled matter moves the Court for approval of an attachment, such attachment being necessary and valid as security for the Judgment, which for good and reasonable cause, Plaintiff expects to recover.

An ex parte hearing is necessary because there is a clear chance that the Defendant, if notified in advance of the attachment of the property, will convey it or otherwise encumber it.

Such approval is for an attachment of the real estate of this Defendant located at:   27 Kilby Street,  Unit 5, Dracut, Middlesex County, in the amount of $9,829.37.

Respectfully submitted

_____

Sandra M. Boulay, Esq.

Boulay Law Firm, LLC

June 18, 2018                            9 Central Street, Suite 402

Lowell, MA 01852

978-452-4100

BBO No. 553385


**NOTICE TO DEFENDANT:**

**BE ADVISED THAT YOUR APPEARANCE AT A SCHEDULED HEARING ON THIS MOTION DOES NOT SUBMIT YOU TO THE JURISDICTION OF THE COURT NOR DOES IT RESULT IN YOUR WAIVING SERVICE OF THE COMPLAINT AND SUMMONS UPON YOU IN THE MANNER PROVIDED BY LAW.**

6. Demand for payment has been made by Plaintiff / or Plaintiff's attorney before commencing this action. Defendant has not made payment of the sums due.

7. Plaintiff knows of no insurance owned by the Defendant which would provide coverage for the claim as set forth in Plaintiff's complaint.

8. Plaintiff knows of no asset available to the Defendant that would be available to satisfy any judgment in this matter, aside from equity in real estate which the Defendant holds an interest in.

9. If the real estate should be sold or conveyed, Plaintiff does not know of any asset that would be available to satisfy any Judgment that it may recover against the Defendant.

10. I am aware that the real estate is on the market for sale, and believe that a closing on the sale is imminent.

Wherefore, Plaintiff seeks this approval for a real estate attachment and files this affidavit in support thereof, the information set forth therein being true to the best of Plaintiff's knowledge, information and belief.

Subscribed and sworn under the penalties of perjury this ___ day of  July, 2018.

Dated:  July _19_ , 2018                                              By: _____

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss                                                         Lowell, MA

On this _19th_ day of July, 2018 before me, the undersigned notary public, personally appeared _Mariann O'Brien_ , proved to me through satisfactory evidence of identification, which were _Personally known_ to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me the contents of this document are truthful and accurate to the best of (his)(her) knowledge.

_____
Notary Public

My Commission Expires:

LOUISE J.T. CARVALHO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 19, 2024

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
District Court of Lowell

Middlesex, ss.                                             Docket No._____

| | |
|---|---|
| Jeanne D'Arc Credit Union | ) |
| Plaintiff | ) |
| v. | ) |
| Rachel D. Wiley a/k/a | ) |
| Rachel Wiley, | ) |
| Defendant | ) |

## AFFIDAVIT OF PLAINTIFF IN SUPPORT OF ITS EX PARTE MOTION FOR APPROVAL OF REAL ESTATE ATTACHMENT

**Re:   Visa Credit Card Agreement dated April 20, 2006, filed as Exhibit A with Complaint, Account No. last four digits 3053.**

**In support of Plaintiff's Motion,  Plaintiff deposes and says as follows:**

I, Mariann O'Brien, Vice-President of Member Contact, at the Jeanne D'Arc Credit Union, a credit union with address of One Tremont Place, Lowell, Massachusetts, say of my own knowledge, information and belief, based on personal information or information under my control in support of this motion that:

1. Defendant is indebted to the Plaintiff in the principal amount of $9,829.37, as evidenced by books and records of Plaintiff kept in the ordinary course of business and under Plaintiff's supervision.
2. The interest rate on this account is APR of 14.490%.
3. This amount stated is exclusive of interest, costs and attorneys' fees, all of which are recoverable under the terms of the contract.
4. To the best of the Plaintiff's knowledge, Defendant has no valid defense to the claim.
5. This action against the Defendant is based on a Visa Credit Card Agreement, a copy of which is attached to the Plaintiff's Complaint as Exhibit A.

# Commonwealth of Massachusetts
# District Courts of Massachusetts
## DISTRICT COURT OF LOWELL

**Middlesex** _____ , ss

Civil Action No. _____

EXHIBIT

E

### FINDINGS AND EX PARTE ORDER
### OF APPROVAL OF ATTACHMENT
#### (Rule 4.1)

This cause came on to be heard upon an ex parte motion for an order of approval of attachment, and upon

consideration thereof the court hereby finds that there is a reasonable likelihood that the plaintiff will recover

judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over

and above any liability insurance known or reasonably believed to be available, and that:

( )   the person of the defendant is not subject to the jurisdiction of the court; or

( )   there is a clear danger that the defendant, if notified in advance of attachment of his
property, will remove it from the Commonwealth or conceal or convey it; or

(X)   there is i m m e d i a t e   danger that the defendant will d a m a g e, destroy or waste the
property attached.

**WHEREUPON** the court hereby approves attachment in the amount of $ 9,025. 37.

_____
(Special) Justice

7/15/18
(date)

Commonwealth of Massachusetts

District Court Department of The Trial Court

Lowell Division

41 Hurd Street

Lowell, Massachusetts 01852

**EXHIBIT**

**F**

MIDDLESEX, ss:

Jeanne D'Arc Credit Union
v.    Plaintiff
Rachel D. Wiley, aka
Rachel Wiley  Defendant

Civil Action No. 18 11CV925

2018 00031460
Bk: 32266 Pg: 97  Page: 1 of 2
Recorded: 07/24/2018 01:46 PM

## WRIT OF ATTACHMENT
(Rule 4.1)

To the Sheriffs of our several counties or their deputies, or a constable of any City or Town within the Commonwealth:

We command you to attach the goods or estate of defendant _Rachel D. Wiley aka Rachel Wiley_ of _355 W. Coyote Lane SE, Albuquerque, NM_, to the value of $ _9829.37_, the amount authorized, as prayed for by plaintiff _Jeanne D'Arc Credit Union_ of _One Tremont Place, Lowell, MA 01852_ whose attorney is _Sandra M. Bailey, Bailey Law Group_, of _9 Central St, Suite 402, Lowell, MA 01852_

in an action brought by said plaintiff against said defendant in this court, and make due return of this writ with your doings thereon.

The complaint in this case was filed on _7/19/2018_. This attachment was approved on _7-19-18_ (date) by _____ (signature of judge), J.,

in the amount of $ _9829.37_ (date)

WITNESS   Stacey J. Fortes   , Presiding Justice, on _7/19/18_ (date)

(SEAL)

Clerk/ Magistrate

## PROOF OF ATTACHMENT

I hereby certify and return that on _____ (date) I attached the property of the within named defendant in the following manner:

_____ (signature)

A TRUE COPY ATTEST
_____
DEPUTY SHERIFF
Middlesex County

_____ (name and title)

_____ (address)

Note: When an attachment is made subsequent to service of the summons and complaint upon the defendant, a copy of the writ of attachment with your return thereon must be promptly served upon the defendant in the manner provided by Rule 5.

Middlesex, ss.                                                    July 24, 2018

By virtue of this writ, I this day at 9:00am attached all the right, title and interest of the within named defendant Rachel D. Wiley aka Rachel Wiley has, in and to the real estate in the Northern District in the County of Middlesex, Book #18797, Page #214.

*Barbara Maloney*
Barbara Maloney
Deputy Sheriff

Return To:
BOULAY LAW FIRM, LLC
9 Central Street
Suite 402
Lowell, MA 01852

# BOULAY
## LAW FIRM, LLC

www.boulaylaw.com

Nine Central Street, Suite 402
Lowell, Massachusetts 01852
978-452-4100  978-452-2600 (fax)

July 30, 2018

Sandra M. Boulay, Attorney

Krista Drew
Real Estate Paralegal
Sweeney Title Services, LLC
6 Manchester Street
Nashua, NH 03064



**EXHIBIT**

**G**

Re:  Jeanne D'Arc Credit Union v. Rachel D. Wiley, aka Rachel Wiley, Docket # 1811CV 925  (Account payoff for  XXXXX3053), Real Estate Attachment Secured by:   27 Kilby Street, Unit 5, Dracut, Massachusetts,  Book  32266,  Page 97

Dear Ms. Drew/Sweeney Law:

        You requested a payoff with reference to the above- matter.   As you indicated that there is an upcoming loan closing on 7/31/18 and you are seeking a release of the attachment on the real estate.   I have provided a payoff through the date of 7/31/18.   Add $3.90 per day for each day after 7/31/2018 to cover the accruing interest.

The payoff of this account is as follows:

| | |
|---|---|
| Outstanding balance: | $ 9,629.37 (as of 7/26/16) |
| Interest from 7/26/16 -7/31/2018 (735 days) * | $ 2,866.50 |
| Court Filing Fee & Service of Process** | $   341.48 |
| Legal Fees: | $ 1,712.50 |
| Balance Due, as of 7/31/18 | **$14,549.85** |

**\*Per Diem Interest is $3.90 Per Day, add after 7/31/18**

\*\*Legal fees and Costs have been calculated through 7/31/18

        Upon payment, I will send you the signed and executed release, so that you may record the release at the Registry.   I will forward it to: Sweeney Title Services, LLC, 6 Manchester Street, Nashua, NH 03064.

Sincerely yours,

Sandra M. Boulay

NOTICE OF IMPORTANT RIGHTS

BOULAY LAW FIRM, LLC   is acting as a debt collector, pursuant to the Federal Fair Debt Collection Practices Act.  Any information obtained will be used for that purpose.

American Land Title Association

ALTA Settlement Statement - Combined
Adopted 05-01-2015

File No./Escrow No.: 2018-11182
Print Date & Time: 07/31/2018 1:15 PM
Officer/Escrow Officer: Krista Drew
Settlement Location:   360 Gorham Street
                       Lowell MA 01852

**Sweeney & Sweeney Attorneys and Counsellors at Law**

**6 Manchester St**
**Nashua, NH 03064**

Property Address: 27 Kilby Street, Unit 5, Dracut, MA 01826
Buyer:   Tracey A Wenning
Seller:   Rachel Wiley
Lender:  New Penn Financial, LLC, ISAOA/ATIMA

Settlement Date:    July 31, 2018
Disbursement Date: July 31, 2018
Additional dates per state requirements:



EXHIBIT
H

| Seller | | Description | Borrower/Buyer | |
| Debit | Credit | | Debit | Credit |
|---|---|---|---|---|
| | | **Financial** | | |
| | 135,000.00 | Sale Price of Property | 135,000.00 | |
| | | Deposit Re/Max Insight | | 4,080.00 |
| | | Borrower's Loan Amount | | 129,200.00 |
| | | Lender's Credit | | 3,407.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| | 222.11 | City/town taxes from 07/31/2018 to 09/30/2018 | 222.11 | |
| | 75.21 | Sewer Fees from 07/31/2018 to 09/30/2018 | 75.21 | |
| 41.10 | | Water Fees from 07/01/2018 to 07/31/2018 | | 41.10 |
| | | | | |
| | | **Loan Charges to New Penn Financial, LLC, ISAOA/ATIMA** | | |
| | | Administration Fee to New Penn Financial, LLC, ISAOA/ATIMA | 345.00 | |
| | | Appraisal Fee to Olde City Lending ($500.00 POCB) | | |
| | | Credit Report to Insight | 43.12 | |
| | | Tax Service Fee to FBO CoreLogic | 80.00 | |
| | | Flood Certificate to Lender, FBO Corelogic | 6.00 | |
| | | Underwriting Fee to New Penn Financial, LLC, ISAOA/ATIMA | 550.00 | |
| | | Condo Questionnaire to Insight | 130.00 | |
| | | Homeowner Course to Frmework to Framework ($75.00 POCB) | | |
| | | Third Party Processing to Insight | 795.00 | |
| | | Prepaid Interest to New Penn Financial, LLC, ISAOA/ATIMA | 18.58 | |
| | | | | |
| | | **Other Loan Charges** | | |
| | | HOI to Concord Group | 288.00 | |

Copyright 2015 American Land Title Association.
All rights reserved.

File # 2018-11182
Printed on July 31, 2018 at 1:15 PM

| Seller | | Description | Borrower/Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | | | |
| | | **Impounds** | | |
| | | Homeowner's insurance | 48.00 | |
| | | Property taxes | 221.50 | |
| | | | | |
| | | **Title Charges & Escrow / Settlement Charges** | | |
| | | Title - Attorney Fee to Sweeney & Sweeney | 650.00 | |
| | | Title - Owner's title insurance (Optional) to CATIC | 357.50 | |
| | | Title - Lender's title insurance to CATIC | 357.50 | |
| | | Title - E-closing Fee to E-closing | 10.00 | |
| | | Title - Title Exam to Sweeney & Sweeney | 215.00 | |
| 60.00 | | Title - Courier/Wire Fee to Sweeney & Sweeney | | |
| 80.00 | | Title - Discharge Tracking Fee to Sweeney & Sweeney | | |
| | | MLC to Sweeney & Sweeney | 25.00 | |
| 25.00 | | Wire Fee to Sweeney & Sweeney | | |
| | | | | |
| | | **Commission** | | |
| 4,050.00 | | Real Estate Commission 4,050.00 to Re/Max Insight | | |
| 2,700.00 | | Real Estate Commission 2,700.00 to Century 21 North East - Fermin Group | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees | 300.00 | |
| 615.60 | | City/County tax/stamps to Commonwealth of Massachusetts | | |
| | | MLC to Registry of Deeds | 65.00 | |
| | | Homestead Affdavit to Registry of Deeds | 35.00 | |
| | | | | |
| | | **Payoff(s)** | | |
| 78,907.40 | | Select Portfolio Servicing, Inc. | | |
| 21,444.87 | | Mr. Cooper | | |
| 12,019.50 | | Boulay Law Firm, LLC | | |
| | | | | |
| | | **Miscellaneous** | | |
| 150.00 | | Sewer Fees 08/01/2018 Tri-Annual payment | | |
| 250.00 | | Attorney Fee to Bernardini Law, PC | | |
| 130.00 | | Reimbursement Fee to Karen Couillard | | |
| 243.87 | | Outstanding Condo Fee to Kilby East Condomium Trust | | |
| 480.35 | | Final Water Bill to Town of Dracut | | |
| 317.60 | | Final Sewer Bill to Town of Dracut. | | |
| 332.26 | | August Tax Bill to Dracut Tax Collector | | |
| 150.00 | | August Sewer Bill to Town of Dracut Sewer Department | | |
| 350.00 | | Fee to Kim Lamb | | |
| | | | | |

| Seller | | | Borrower/Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| 122,347.55 | 135,297.32 | **Subtotals** | 139,837.52 | 136,728.10 |
| | | Due From Borrower | 3,109.42 | |
| | 12,949.77 | Due To Seller | | |
| | | **Totals** | | |

Copyright 2015 American Land Title Association.
All rights reserved.

File # 2018-11182
Printed on July 31, 2018 at 1:15 PM

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement.  We/I authorize Sweeney & Sweeney Attorneys and Counsellors at Law to cause the funds to be disbursed in accordance with this statement.

_Tracey A Wenning_
Tracey A Wenning

_Rachel Wiley by Kimberly Lamb, Attorney in Fact_
Rachel Wiley, by Kimberly Lamb, Attorney in Fact

_____
Escrow Officer

Copyright 2015 American Land Title Association.
All rights reserved.

File # 2018-11182
Printed on July 31, 2018 at 1:15 PM

COMMONWEALTH OF MASSACHUSETTS
The Trial Court

Middlesex, ss                                      Lowell District Court
                                                   Docket #1811CV925

**EXHIBIT**
**I**

———————————————
Jeanne D'Arc Credit Union,    )
            Plaintiff          )
                               )
v.                             )
                               )
Rachel D. Wiley A/K/A,         )
Rachel Wiley, Defendant        )
———————————————  )

### NOTICE OF DISMISSAL
### Pursuant to Rule 41(a)(1)(i)

Jeanne D'Arc Credit Union hereby gives notice that it is dismissing this case without prejudice.

Jeanne D'Arc Credit Union

Dated:        8/2/18

Sandra M. Boulay
Boulay Law Firm, LLC
9 Central Street Suite 402
Lowell, MA 01852
(978) 452-4100
BBO#553385

### CERTIFICATE OF SERVICE

I hereby certify that the named Defendant, was served by first class mail postage prepaid a copy of this Notice of Dismissal by first class mail postage prepared to: Rachel D. Wiley, 355 W. Coyote Lane, SE, Albuquerque, NM  87123, this 2nd day of August, 2018.